IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ABDUL KEDIR MURTAZAEV,

Petitioner,

v.

WARDEN, McCook Detention Center; DAVID EASTERWOOD, Acting Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General of the United States,[1]

Respondents.

**8:26CV188**

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Abdul Kedir Murtazaev's ("Murtazaev") Petition for Writ of Habeas (Filing No. 1) pursuant to 28 U.S.C. § 2241. Murtazaev "is a native and citizen of Russia." He reports he "was formally and affirmatively paroled into the United States" on December 3, 2023. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 235.l(h)(2). As proof, Murtazaev attaches to his petition a

[1]Todd Blanche was sworn in as the United States Attorney General on August 10, 2026. The Clerk of Court is directed to update his title on the docket sheet. David Venturella should also be substituted for Todd Lyons as Acting Director of the United States Immigration and Customs Enforcement. *See* Fed. R. Civ. P. 25(d).

copy of his original Notice to Appear (DHS Form 812), his Interim Notice Authorizing Parole,[2] and his February 11, 2026, Record of Deportable/Inadmissible Alien (Form I-213).

Murtazaev states "[h]e has a pending application for asylum arising from persecution he suffered in Chechnya, Russia." On February 11, 2026, he was arrested and his parole was revoked. He is reportedly being detained at the McCook Detention Center in McCook, Nebraska.

Murtazaev contends, "By arresting [him] and revoking his parole without any neutral evaluation of the supposed justifications, Respondents violated 8 U.S.C. § 1182(d)(5)(A), 8 C.F.R. § 212.5(e)(2)(i), 8 C.F.R. § 241.4(l)(1), the Administrative Procedure Act [("APA")], 5 U.S.C. § 706(2)(A), and the Due Process Clause of the Fifth Amendment." He asks the Court to order his immediate release "from custody under the terms of his prior parole."

Murtazaev's arguments for his immediate release are unavailing. First, he argues his ongoing detention violates his Fifth Amendment rights to procedural and substantive due process. As to the former, he urges the Court to apply the three-part balancing test from *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), and conclude that he is entitled to a bond hearing. In his view, that test "weighs decisively in [his] favor." But this Court has previously concluded that *Mathews* balancing does not apply to immigration-detention challenges like this one. *See*, *e.g.*, *Mendez Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *4 (D. Neb. Apr. 8, 2026) (citing *Demore v. Kim*, 538 U.S. 510, 521-31 (2003); *Reno v. Flores*, 507 U.S. 292, 299-315 (1993); *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024)).

And applying the proper framework to the circumstances of this case, the Court concludes Murtazaev has not shown a due-process violation. *See*, *e.g.*, *Dep't of State v.*

[2]Issued December 3, 2023, the authorization was valid for one year, subject to extension at ICE's discretion.

*Munoz*, 602 U.S. 899, 910 (2024); *Reno*, 507 U.S. at 302; *Romero v. Brown*, No. 1:26-CV-00007-SMR-SBJ, 2026 WL 1021455, at *6-7 (S.D. Iowa Apr. 15, 2026); *Maan v. Easterwood*, No. 4:26CV3027, 2026 WL 1006255, at *2 (D. Neb. Apr. 14, 2026); *Mendez Leiva*, 2026 WL 948430, at *5-6. Put simply, the Court does not agree with Murtazaev that the discretionary revocation of his parole and subsequent detention without proof that he is a flight risk or danger to the community is arbitrary, unjustified, and unlawful. *See Banyee*, 115 F.4th at 931 ("The rule has been clear for decades: '[d]etention during deportation proceedings [i]s . . . constitutionally valid." (alterations in original) (quoting *Demore v. Kim*, 538 U.S. 510, 523 (2003))). Nor can he plausibly say he has been caught off guard. His original parole authorization—which he has attached to his petition—advises him that his "[p]arole is entirely within the discretion of ICE and can be terminated at any time and for any reason."

Murtazaev's remaining arguments, including those based on the APA and *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954), likewise fall short at this point. *See, e.g.*, *Gobind G v. Dean*, No. 5:26-CV-05094-RAL, 2026 WL 2531772, at *5 (D.S.D. Aug. 27, 2026) (concluding district courts "cannot employ the APA or the *Accardi* decision to rule differently than *Avila* on statutory or regulatory grounds"); *A.E. v. Powell*, No. 7:26-CV-337-EGL-NAD, 2026 WL 782294, at *3-4 (N.D. Ala. Mar. 19, 2026). Murtazaev again relies on a broader interpretation of his rights than what the record supports. For instance, he summarily alleges a violation of § 1182(d)(5)(A) itself without explaining how the revocation of his parole violates that statutory grant of discretionary authority. He also complains of purported violations of § 241.4(1)(1), but that regulation applies "beyond the removal period." *See also Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (explaining § 241.4 sets out procedures to follow for continued detention under 8 U.S.C. § 1231).

Although Murtazaev arguably gains more traction with his allegations of shortcomings related to § 212.5(e)(2)(i), he gives no compelling reason why the Court

should create a shortcut to judicial review of an ongoing immigration process before at least allowing ICE "an opportunity to correct its own mistakes" if it made some. *Marambo v. Barr*, 932 F.3d 650, 655 (8th Cir. 2019) (discussing the exhaustion of administrative remedies) (quoting *Agha v. Holder*, 743 F.3d 609, 616 (8th Cir. 2014)); *see also Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (concluding the petitioner "should have exhausted administrative remedies . . . before asking the federal district court to review" an adverse decision); *cf. also Liadov v. Mukasey*, 518 F.3d 1003, 1006 (8th Cir. 2008) (recognizing that Congress's purpose in granting discretionary powers by statute "would be frustrated if an alien could avoid the exhaustion requirement" and seek a bypass to judicial review). Murtazaev does make one passing reference to futility based on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), but it appears to relate to a statutory argument for a bond hearing under 8 U.S.C. § 1226 that he affirmatively states he does not make in light of *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026). According to Murtazaev, the question he raises has nothing to do with mandatory detention for "applicants for admission" under § 1225(b)(2)(A), as he asks "whether Respondents may revoke a grant of parole and re-detain the parolee without following the statutory and regulatory requirements governing parole termination."

In any event, Murtazaev has not shown that presenting those questions to the respondents would be futile or otherwise inadequate. And, without more, ordering Murtazaev's immediate release is too drastic a remedy for the informational deficiencies he alleges. *See* 8 C.F.R. § 212.5(e)(2)(i) (clarifying that a charging document served on an alien generally constitutes sufficient "written notice of termination of parole"); *cf. Fuentes v. Mullin*, No. 4:26-CV-03231, 2026 WL 1999855, at *2 (S.D. Tex. May 27, 2026) (concluding procedural errors with respect to notice regarding the revocation of parole "have no bearing on the legality of present detention").

In that same vein, the Court has also declined to review APA claims in a § 2241 petition where the petitioner's "allegations demonstrate there has been no final agency

action in his case." *Maan*, 2026 WL 1006255, at *1; 5 U.S.C. 704. That principle applies with full force here. *See also Carnesolta v. Tate*, No. 4:26-CV-01006, 2026 WL 948727, at *2 (S.D. Tex. Apr. 8, 2026) (explaining an APA claim also must fail "to the extent that it proceeds upon reliance" on a "rejected statutory interpretation").

In light of the foregoing,

IT IS ORDERED:

1. Petitioner Abdul Kedir Murtazaev's Petition for Writ of Habeas (Filing No. 1) pursuant to 28 U.S.C. § 2241 is denied.
2. This case is dismissed.
3. A separate judgment will issue.

Dated this 18th day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge